IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PEDRO FUENTES, #1824963,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. 3:17-CV-3358-G-BK |
| | § | |
| **GARY FITZSIMMONS, District Clerk** | § | |
| **Dallas County,** | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this case was automatically referred to the United States magistrate judge for judicial screening. The Court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Upon review of the relevant pleadings and applicable law, and for the reasons that follow, this case should be **DISMISSED WITH PREJUDICE** as frivolous.

### I. BACKGROUND

On February 13, 2018, Plaintiff, a *pro se* state prisoner, filed an amended complaint on the civil rights complaint form against Gary Fitzsimmons, former Dallas County District Clerk. Doc. 6. From what the Court can glean from the complaint, Plaintiff requests mandamus relief – an order compelling the Dallas County District Court Clerk to "remove court costs" assessed in connection with the judgments of conviction in in case numbers F1233724, F1233725, F1233726, F1233729, and F1233758. Doc. 6 at 4. Plaintiff asserts that he is indigent and, thus, unable to pay the costs associated with his state criminal cases.

A review of Dallas County online records reflects in each of the above-referenced cases, the *Judgment of Conviction* contains a separate *Order to Withdraw Funds* from the offender's

inmate trust account to cover court fees and costs in accordance with Texas Government Code §501.014.[1]

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). That statute provides for the *sua sponte* dismissal of a complaint if the Court finds that it (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.

The Court liberally construes Plaintiff's filings with all possible deference due a *pro se* litigant. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Cf.* FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice"). Even under this most liberal construction, however, Plaintiff's claims are frivolous and clearly baseless.

Federal courts are without power to issue writs of mandamus against state officers in the performance of their duties where mandamus is the only relief sought. *See Moye v. Clerk, DeKalb County Sup. Court*, 474 F.2d 1275, 1275-76 (5th Cir. 1973) (per curiam). Here, Petitioner's complaint appears only to seek mandamus relief against the former Dallas County

---

[1] Each order is available online by visiting the Dallas County website, http://courtecom.dallascounty.org/publicaccess (last visited Feb. 14, 2018), and entering the relevant state case number.

District Clerk. As such, the complaint is frivolous and should be dismissed with prejudice. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus as frivolous because federal courts lack the power to mandamus state officials in the performance of their duties).²

### III. LEAVE TO AMEND

Ordinarily, a *pro se* plaintiff should be granted leave to amend his complaint prior to dismissal, but leave is not required when he has already pled his "best case." *Brewster v. Dretke,* 587 F.3d 764, 767–68 (5th Cir. 2009). Here, the facts as alleged by Plaintiff clearly demonstrate that his claim is fatally infirm. Under these circumstances, granting leave to amend would be futile and cause needless delay.

### IV. RECOMMENDATION

For the foregoing reasons, it is recommended that this action be summarily **DISMISSED WITH PREJUDICE** as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

**SIGNED** March 14, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND

---

² The filing fee provisions of 28 U.S.C. § 1915(b) do not apply to a petition for *writ of mandamus* stemming from a state criminal proceeding such as the one at issue in this case. *See In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997) (holding that nature of underlying action determines whether filing fee provisions of section 1915(b) apply, and finding that petition for writ of mandamus that arose from post-conviction habeas application was not subject to fee payment requirements of section 1915(b)).

3

## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE